IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD L. BRAY, II | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-4011 |
| | : | |
| HARRIS DEWESE | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                   **March    6, 2008**

Plaintiff Gerald L. Bray, II ("Plaintiff") brings this action against Harris Dewese ("Defendant"), alleging breach of a promissory note entered into by the parties on May 22, 2006. Defendant filed two counterclaims against Plaintiff, alleging fraudulent inducement and common law fraud (the "Counterclaims").[1]  Now before the Court is Plaintiff's Motion to Dismiss Defendant's Counterclaims (the "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Motion will be granted.

**I.     BACKGROUND**

Accepting as true the allegations of the Counterclaims, the pertinent facts are as follows:[2] On May 22, 2006, Defendant executed a stock purchase agreement (the "Agreement"), whereby he purchased 207.27 shares of Hillsboro Acquisition Company ("Hillsboro") from Plaintiff for

---

[1] Under Pennsylvania law, a claim for fraudulent inducement encompasses the same elements as a claim for common law fraud, but also requires an additional element – that the misrepresentation at issue was made with specific intent to induce another to enter into a contract when the person had no duty to enter into the contract. Goldstein v. Murland, 2002 WL 1371747, at *1 (E.D. Pa. June 24, 2002). Although Defendant titles one of his Counterclaims "Fraudulent Inducement" and the other one "Common Law Fraud," the substance of the allegations supporting each count is the same.

[2] The Court will address only those allegations relevant to Defendant's Counterclaims.

$285,000.  Counterclaims ¶ 7.  Pursuant to the Agreement, Defendant also signed a promissory note to Plaintiff for the $285,000 purchase price (the "Note").  Id. ¶¶ 8-9.  Prior to entering into the Agreement, Plaintiff misrepresented to Defendant Hillsboro's outstanding unrecorded debt and its projected revenue.  Id. ¶ 10.  More specifically, Plaintiff failed to disclose the amount of unrecorded debt associated with the relocation and redecoration of Hillsboro's executive offices and manufacturing plant, stated that Hillsboro's 2005 revenues would be more than $11 million, represented that Hillsboro would be breaking even by October 2005, and did not disclose that Hillsboro had $2 million in payables past due compared to only $1 million in receivables.  Id. ¶ 11.  Defendant alleges that he relied on these alleged misrepresentations and omissions in entering into both the Agreement and the Note, and that as a result of his reliance he has "incurred expenses and costs, and has been adversely affected in the operation of his business."  Id. ¶¶ 13-15.[3]

## II.     LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required "to accept as true all allegations in the [counterclaims] and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."  Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  In deciding a 12(b)(6) motion, "a court looks only to the facts alleged in the [counterclaims] and [their] attachments without reference to other parts of the record."  Jordan v. Fox, Rothschild,

---

[3] Defendant does not allege in his Counterclaims that had he known the truth regarding these alleged misrepresentations and omissions, he would not have entered into the Agreement and Note.  Moreover, he does not seek rescission of the Agreement and Note, but rather seeks compensatory and other damages.  Counterclaims pp. 6, 8.

O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). "To survive a motion to dismiss, a [defendant asserting counterclaims] must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the [counterclaims] are true (even if doubtful in fact).'" Victaulic Co. v. Tieman, 2007 U.S. App. LEXIS 20077, at *15 (3d Cir. Aug. 23, 2007) (citations omitted in original) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

**III.   DISCUSSION**

Plaintiff argues in his Motion that dismissal of Defendant's Counterclaims is appropriate on four separate grounds: (1) Defendant is barred under the parol evidence rule from pursuing fraud in the inducement claims because the Agreement contains an integration clause; (2) Defendant has not stated a claim because he has not pled that he justifiably relied on the alleged misrepresentations or omissions; (3) Defendant has failed to plead fraud with the requisite specificity; and (4) Defendant's Counterclaims are barred by the gist of the action doctrine and the economic loss doctrine. As will be discussed below, under Pennsylvania law, the parol evidence rule is fatal to Defendant's Counterclaims; therefore, the Court need not address Plaintiff's other arguments.[4]

Defendant's Counterclaims allege that Plaintiff misrepresented or omitted certain facts about the financial health of Hillsboro prior to the parties entering into the Agreement and Note, and that these misrepresentations constituted fraud. The Agreement does not contain any

---

[4]   The parties agree that Pennsylvania law applies in this diversity case.

provisions specifically addressing the facts that Plaintiff allegedly misrepresented or omitted.[5]  It does, however, contain an integration clause which provides that "[t]his Agreement constitutes the entire agreement among the parties and there are no representations, warranties, covenants or agreements except as set forth in this Agreement."  Agreement ¶ 8(c), attached as Exhibit A to the Motion and to Defendant's Opposition to Plaintiff's Motion ("Opposition").  Plaintiff argues in his Motion that, in light of this integration clause, the parol evidence rule bars Defendant from introducing evidence of any representations or misrepresentations that are not contained in the Agreement in order to prove his fraud claims.

In Dayhoff, Inc. v. H.J. Heinz Co., the Third Circuit noted that under Pennsylvania law, "the parol evidence rule bar[s] consideration of prior representations concerning matters covered in [a] written contract, even those alleged to have been made fraudulently, unless the representations were fraudulently *omitted from the contract*."  Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1300 (3d Cir. 1996) (emphasis in original) (citing HCB Contractors v. Liberty Place Hotel Assoc., 652 A.2d 1278, 1279 (Pa. 1995)); see also Toy v. Metro. Life Ins. Co., 928 A.2d 186, 206 (Pa. 2007).[6]  In his Counterclaims, Defendant does not allege that any representations

---

[5]  "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings."  In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted).  However, an exception to this general rule is that a document integral to or explicitly relied upon in a claim may be considered without converting the motion to dismiss into a motion for summary judgment.  Id. (citations omitted).

[6]  The general rule, adopted in most jurisdictions, is that fraud is an exception to the parol evidence rule.  See 11 Williston on Contracts § 33:14 (4th ed.) (The parol evidence rule "permits the admission of facts that negate mutuality of assent, such as duress or fraud"); Parol-evidence rule; Right to show fraud in inducement or execution of written contract, 56 A.L.R. 13 ("It is a general rule, supported by many decisions, that as fraud vitiates any contract or transaction into which it enters, the doctrine that parol or extrinsic evidence is inadmissible to contradict, vary, or explain the terms of a written contract is inapplicable where the issue is

regarding Hillsboro's financial health were omitted fraudulently from the Agreement.[7] Accordingly, since the Agreement contains an integration clause, Defendant may not offer evidence of Plaintiff's prior misrepresentations and omissions to prove his fraud counterclaims, and Plaintiff's motion to dismiss will be granted.  See, e.g., North Amer. Roofing & Sheet Metal Co. v. Bldg. and Constr. Trades Council of Philadelphia & Vicinity, 2000 WL 230214, at *6 (E.D. Pa. Feb. 29, 2000) (dismissing a buyer's fraudulent inducement claim based on the parol evidence rule after noting that if the buyer intended to rely on the seller's representations, it "should have insisted that the representation be set forth in the integrated written agreements"); Interwave Tech., Inc. v. Rockwell Automation, Inc., 2005 WL 3605272, at *18 (E.D. Pa. 2005) ("[T]his Court finds persuasive the numerous opinions that ... preclude parol evidence when the plaintiff is making a claim of fraudulent inducement and the contract at issue contains an integration clause.").

---

whether the contract was procured by fraud."). However, the Pennsylvania Supreme Court noted in Toy that "while the fraud exception to the parol evidence rule potentially applies in two scenarios – fraud in the inducement, where a party alleges that he was induced into entering the agreement through the other's fraud, and fraud in the execution, where a party alleges that he was mistaken as to the terms and the actual contents of the agreement he executed due to the other's fraud – this Court has determined that in Pennsylvania, only fraud in the execution ... is excepted from the parol evidence rule's operation." Toy, 928 A.2d at 206.

[7]  Citing Mellon Bank Corp. v. First Union Real Estate Equity & Mortgage. Inv., 951 F.2d 1399, 1408 (3d Cir. 1991), Defendant argues that, under Pennsylvania law, the parol evidence rule does not apply to claims of fraud in the inducement. See Opposition at 2-3. However, Mellon was decided prior to Dayhoff, a case in which the Third Circuit, relying on Pennsylvania case law, recognized that the state courts subsequently had reached the opposite conclusion.

**IV.** **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion will be granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD L. BRAY, II | : CIVIL ACTION |
| v. | : NO. 07-4011 |
| HARRIS DEWESE | : |

## ORDER

**AND NOW**, this 6th day of March, 2008, upon consideration of Plaintiff's Motion to Dismiss Defendant's Counterclaims (docket no. 10) and Defendant's Opposition thereto (docket no. 11), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.  Accordingly, Defendant's Counterclaims are **DISMISSED**.

BY THE COURT:

/s/ Bruce W. Kauffman
BRUCE W. KAUFFMAN,  J.