IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GERALD L. BRAY, II** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 07-4011** |
| | : | |
| **HARRIS DEWESE** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                   **January  20   , 2009**

Plaintiff Gerald L. Bray, II ("Plaintiff"), brings this action against Harris Dewese

("Defendant"), alleging breach of a promissory note executed by Defendant on May 22, 2006.

Now before the Court is Plaintiff's Motion for Summary Judgment (the "Motion").[1]  For the

reasons that follow, the Motion will be granted.

**I.      BACKGROUND**

On May 22, 2006, Defendant executed a stock purchase agreement (the "Agreement"),

whereby he purchased 207.27 shares of Hillsboro Acquisition Company from Plaintiff for

$285,000.  Counterclaims ¶ 7.  Pursuant to the Agreement, Defendant signed a promissory note

to Plaintiff for the $285,000 purchase price (the "Note").  Id. ¶¶ 8-9.  The Note obligated

Defendant to pay the total sum as follows: (a) $20,000 on May 30, 2006; (b) $15,000 on June 30,

2006; (c) $28,500 on April 1, 2007; (d) $57,000 on April 1, 2008; and (e) the remainder on June

30, 2008.  See Note §§ 1–2, attached to Compl. at Ex. A.  If Defendant fails to make any required

payment in a timely manner, the Note permits Plaintiff to accelerate the payment schedule and

recover the full principal amount remaining due.  See id. § 7.  Further, if default occurs, Plaintiff

---

[1]        Defendant has not responded to the instant Motion.

may recover "all costs of suit and other expenses in connection with said default or otherwise

under this Note, together with reasonable attorneys' fees." Id.

Defendant made the first two required payments on time.  See Aff. of Gerald L. Bray, II,

at ¶ 5, attached to Mot. at Ex. A ("Pl. Aff.").  However, he failed to pay Plaintiff the $28,500 due

on April 1, 2007.  See id.  Instead, on April 24, 2007, he sent Plaintiff the following email:

> I am sending a personal check amounting to $5,000 via UPS this
> morning.  My circumstances are difficult now . . . , but I will work
> to conform our payments to the terms in the [Note] as soon as
> possible.[2]

Email, Apr. 24, 2007, attached to Mot. at Ex. 1.  Soon after, Plaintiff notified Defendant of his

default by letter.  See Pl. Aff. ¶ 7.  Defendant failed to respond.  See id. ¶ 8.

On May 9, 2007, Plaintiff's counsel send a demand for payment to Defendant.  See

Letter, May 9, 2007, attached to Mot. at Ex. 2.  Two weeks later, Defendant responded, stating

that he "intend[s] to pay" Plaintiff and that he is "attempting to borrow the money now and will

pay [him] the April payment . . . [no] later than June 30, 2007."  Email, May 21, 2007, attached

to Mot. at Ex. 3.  Defendant sent another email to Plaintiff on June 27, 2007 stating that he was

"flat broke" and that he "will have to pay [Plaintiff] this payment out of the proceeds of" a

business deal closing on July 15th.  Email, June 27, 2007, attached to Mot. at Ex. 4.

On August 23, 2007, having still not received payment, Plaintiff, via counsel, sent formal

notice of default and a demand for payment to Defendant.  Demand Letter, August 23, 2007,

attached to Mot. at Ex. 5.  Again, Defendant failed to respond.  See Pl. Aff. ¶ 15.  Plaintiff

exercised his right to accelerate the loan and filed the instant suit on September 25, 2007, seeking

---

[2]      Plaintiff never received the $5,000 mentioned by Defendant.  See Pl. Aff. ¶ 11.

to recover the full amount remaining due pursuant to the Note, as well as interest, costs, and

attorneys' fees.

## II.    LEGAL STANDARD

In deciding a motion for summary judgment pursuant to Federal Rule of Civil Procedure

56, the test is "whether there is a genuine issue of material fact and, if not, whether the moving

party is entitled to judgment as a matter of law." Med. Protective Co. v. Watkins, 198 F.3d 100,

103 (3d Cir. 1999) (quoting Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994)).

"[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine the

evidence in the light most favorable to the non-moving party and resolve all reasonable

inferences in that party's favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 587 (1986).  However, "there can be 'no genuine issue as to any material fact' . . . [where

the non-moving party's] complete failure of proof concerning an essential element of [its] case

necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23

(1986).

The party moving for summary judgment bears the initial burden of showing the basis for

its motion.  See Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001).  If the movant meets that

burden, the onus then "shifts to the non-moving party to set forth specific facts showing the

existence of [a genuine issue of material fact] for trial." Id.

## III.    DISCUSSION

A plaintiff in a breach of contract case prevails as a matter of law when he establishes (1)

the existence of a contact, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resultant damages.  See Hopkins v. GNC Franchising, Inc., 288 F. App'x 871, 874 (3d Cir. 2008); Corestates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).

First, the Note was duly executed by Defendant.  Defendant, in his emails to Plaintiff asking for more time to pay, acknowledges his duties pursuant to the Note.  Second, Defendant breached his contractual duty by failing to pay $28,500 to Plaintiff on April 1, 2007 and all remaining payments.  Defendant admits his failure to make timely payment in his emails.  Finally, Plaintiff suffered damages due to the breach.  He is entitled to recover the remaining balance due of $250,000.  Pursuant to the Note's terms, he is also entitled to costs and reasonable attorneys' fees.

In addition, Plaintiff seeks to recover interest on the unpaid principal. In Pennsylvania, "[w]henever one [party] binds himself to pay a specific sum of money to another by a certain day, and he fails to do so, he becomes liable . . . to pay interest thereon at the rate of six percent per annum afterwards, as long as he shall improperly withhold payment thereof."  Miller v. Reading, 87 A.2d 223, 226 (Pa. 1952); see also 41 P.S. § 202 (setting the default "legal rate of interest" at six percent); Peterson v. Crown Financial Corp., 661 F.2d 287, 293 (3d Cir. 1981) (discussing the application of Miller).  Accordingly, Plaintiff is entitled to interest at the rate of six percent from the date of breach, April 1, 2007.

IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be granted.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GERALD L. BRAY, II        :       CIVIL ACTION
                              :
      v.                     :       NO. 07-4011
                              :
HARRIS DEWESE          :

**ORDER**

**AND NOW**, this 20th day of January, 2009, upon consideration of Plaintiff's Motion for Summary Judgment (docket no. 14), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**. Accordingly, it is **FURTHER ORDERED** that Defendant Harris Dewese shall pay to Plaintiff $250,000, interest at a rate of six percent from the date of breach, and costs and attorneys' fees. It is **FURTHER ORDERED** that Plaintiff shall submit to the Court a Bill of Costs, setting forth his costs and reasonable attorneys' fees, within ten (10) days of the date of this Order. If Plaintiff submits a Bill, Defendant shall have ten (10) days thereafter to file a response.

                                        **BY THE COURT:**

                                        **S/ BRUCE W. KAUFFMAN**
                                        **BRUCE W. KAUFFMAN, J.**