IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD L. BRAY, II, | : | CIVIL ACTION |
| | : | NO. 07-4011 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| HARRIS M. DEWESE, | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              DECEMBER 18, 2012

I.      **BACKGROUND**

On September 25, 2007, Plaintiff, Gerald L. Bray, II, filed a complaint against Defendant, Harris M. DeWese, alleging the breach of a promissory note in the amount of $285,000.00. Compl. ¶ 6, ECF No. 1. Plaintiff alleged that Defendant defaulted under the terms of the note by failing to pay $28,500, on April 1. 2007. Id. ¶ 10. Pursuant to the terms of the note, in the event of a default, Plaintiff argued that he was entitled to accelerate all amounts due and owing. Id. ¶ 9. As such, Plaintiff demanded payment of $250,000, together with interest, costs, and attorneys' fees. Id. ¶ 13.

On March 28, 2008, Plaintiff filed a motion for summary judgment, ECF No. 14, which was granted on January 21, 2009, ECF No. 15. The court ordered that Defendant pay Plaintiff

$250,000, plus interest at a rate of 6% from the date of breach, along with costs and attorney's fees. Id. On November 3, 2010, Plaintiff filed a Motion for Special Relief in Aid of Execution, ECF No. 23, stating that as of said date, Defendant had not made any payments required by the judgment (totaling at the time of filing, $299,718.60). ¶¶ 5-6. On December 8, 2010, the Court granted in part and denied in part Plaintiff's motion, stating that Defendant was enjoined from the negotiation, transfer, assignment or other disposition of any securities owned by Defendant, including, without limitation, the shares of stock owned by Defendant in Capital Compass Partners, Ltd. Order, Dec. 8, 2010, ECF No. 25.

On May 4, 2012, Plaintiff filed a motion to compel Defendant to appear at a deposition and a motion for sanctions against Defendant for failure to appear at a deposition in aid of execution. ECF No. 31. On May 11, 2012, Plaintiff and Defendant filed a stipulation, which the Court signed, resolving Plaintiff's prior Motion to Compel by agreeing to have Defendant's wife, Anne DeWese, testify on his behalf. ECF No. 33.

Plaintiff and Defendant stipulated that at least five days in advance of Mrs. DeWese's deposition, she would produce all documents in Defendant's possession and/or control relating to:

> (1) All assets of Defendants; (2) any and all transfers of Defendant's assets since the date the Complaint was filed in this matter; (3) Defendant's income generating activities, if any, since the date the Complaint was filed in this lawsuit; (4) Defendant's employment status; (5) Defendant's future employment and/or business plans, if any; (6) Defendant's liabilities, including, without limitation, all judgments against him; (7) Defendant's payment of any expenses for the past four years, including, without limitation, his legal and living expenses; (8) any loans issued to Defendant within the past four years and Defendant's creditworthiness; (9) any loan applications Defendant has submitted or completed within the prior four years; and (10) Defendant's tax returns for the past four years.

Id. ¶¶ 5-6.

On June 12, 2012, Plaintiff filed the instant Motion for Sanctions Against Defendant. ECF No. 34. Defendant responded on July 2, 2012. ECF No. 35.

## II. MOTION FOR SANCTIONS

Plaintiff states that Defendant violated the Stipulation and Order of May 11, 2012. The parties scheduled Mrs. DeWese's deposition for June 11, 2012. Pl.'s Mot. for Sanctions 3. On June 6, 2012, Defendant produced 188 pages of documents pursuant to the Stipulation and Order, but Plaintiff alleges that certain documents were omitted: (1) Defendant's complete tax returns for the years 2008 through 2011; (2) Defendant's record of his expenses paid for the past four years

(only bank statements dated to 2010 were produced); and (3) records of Defendant's income generating activities since the Complaint was filed on September 24, 2007. Id.

Plaintiff attaches a letter sent to Defendant on June 6, 2012, demanding production of the missing documents by the end of business on June 7, 2012. Id. Ex. 3. On the evening of June 7, 2012, at 4:51 p.m. Plaintiff's counsel followed up with an email to Defendant's counsel reaffirming the intention to file a motion for sanctions if Defendant failed to produce the documents in a timely manner. Id. Ex. 4. Defendant's counsel responded at 5:13 p.m. stating that opposing counsel could "file whatever [they] want," while referencing only the fact that 2008 tax returns had not been produced. Id. Plaintiff's counsel responded, restating the deficiencies in Defendant's production. Id. at 3-4; Ex. 5. Defendant's counsel then requested additional time to produce the missing documents. Id. at 4; Ex. 6. The parties reached an agreement whereby Defendant would produce the outstanding documents by 5:00 p.m. on June 11, 2012. Id. at 4; Ex. 7. Defendant did not produce the outstanding documents by the time Plaintiff filed his motion. Id. at 4.

Defendant responds that Mrs. DeWese remains ready and willing to testify regarding Defendant's assets. Def.'s Resp. 1. Defendant further states that Mrs. DeWese was unable to produce certain years' tax returns and/or bank statements that were not

available to her because she has been consumed by the constant care her husband needs. Id. Defendant states that Mrs. DeWese simply could not produce the missing information in the short time given by Plaintiff. Id. at 2. Defendant explains that he has been released from the hospital and is currently in an acute rehabilitative facility where he suffers from blood clots, pneumonia, and other health issues. He further explains that he is unable to walk or care for himself. Id.

Federal Rule of Civil Procedure 37(b)(2) authorizes the Court to award sanctions to the moving party if the non-moving party "fails to comply with a court order regarding discovery." Aguilar v. WEI Equip., No. 03-1751, 2003 U.S. Dist. LEXIS 16136, at *4 (E.D. Pa. Sept. 9, 2003)(citations omitted). The Third Circuit has set out the following factors for district courts to weigh in determining whether or not to grant sanctions:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Gas Co., 747 F.2d 863, 868 (3d Cir. 1984). Defendant argues that Mrs. DeWese put forth a good-faith

5

effort to gather the documents requested by Plaintiff. He further argues that sanctions will be ineffective as he is in an acute rehabilitation facility and will not be able to produce the documents any quicker with or without sanctions. Def.'s Resp. 2-3.

Plaintiff, however, argues that he has pursued all other legal avenues in attempting to execute on the judgment, including filing a writ of execution and pursuing post-judgment discovery in aid of execution. Pl.'s Mot. for Sanctions 4. Plaintiff further states that Defendant has a history of non-compliance with discovery requests in spite of Plaintiff's efforts to accommodate him. Id.

Here all the Poulis factors militate in favor of entering the relief requested. The merit of the claim has already been established. Defendant has a history of failing to comply with agreements reached between counsel and now an order of the Court. The justifications advanced for failing to comply are conclusory and simply suggest willfulness or bad faith. No lesser sanctions are available which would facilitate the progress of the litigation.

Therefore, the Court will enter an order: 1) compelling Defendant to produce the documents identified in the prior stipulation and order by January 9, 2013; (2) awarding Plaintiff $500 in attorney's fees for the preparation of the

memorandum; and (3) allowing Plaintiff to seek additional sanctions if the documents are not produced as directed by the Court. An appropriate order will follow.